# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Cynthia Adams and Gary Adams, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, Trans Union, LLC, and National Credit Systems, Inc., and Law Offices of Brett M. Borland, P.C. | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, CYNTHIA ADAMS AND GARY ADAMS, BY AND THROUGH COUNSEL, JOON JEONG, ESQ., and for their Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

1

3. The transactions and occurrences which give rise to this action occurred in the city and county of Atlanta, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiffs are a natural person residing in the city and county of Atlanta, Georgia.

6. The Defendant to this lawsuit is:

    a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia;

    b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

    c. National Credit Systems, Inc. ("NCSI") is a domestic corporation that conducts business in the State of Georgia;

    d. Law Offices of Brett M. Borland, P.C. ("Borland") is a professional corporation in the State of Georgia that conducts business in the City of Marietta, Georgia

## GENERAL ALLEGATIONS

7. NCSI is reporting its bogus tradeline ("Bogus Tradeline") with an opened date of May 2022 on Plaintiffs' Equifax and Trans Union credit disclosures.

8.  The account reflected by the Bogus Tradeline does not belong to Plaintiff as they are a victim of identity theft. The plaintiffs do not owe this debt.

9.  On March 7, 2022, the Plaintiffs submitted a deposit of $390 to Maverick II Apartments hoping to rent a new townhouse. The next day, they received a denial letter. Plaintiffs requested a refund from the Maverick. Since the Plaintiffs did not receive the security deposit in a timely manner, the Plaintiffs filed a dispute with their bank. A month later they received a refund of their $390 deposit.

10. A few weeks later, Plaintiffs began receiving collection calls from NCSI stating that they owe the balance of $540.

11. On or about May 12, 2022, Maverick sent the Plaintiffs a demand letter for $540 along with a breakdown of the purported debt.  This breakdown falsely showed that the Plaintiffs moved into Maverick on June 24, 2022 and had a lease that terminated on June 23, 2023.  Again, Plaintiffs never had any lease with Maverick.  This breakdown also included fees, that even if they were the obligation of the Plaintiffs, were outrageous and unreasonable, including:

    i.   NSF fee - $150

    ii.  Donation - $5.00

    iii. Application fee $110

    iv.  Donation $15

      v.      Administrative fee $175

      vi.      Application fee $85

12. Plaintiffs incurred none of these fees and charges.

13. Shortly thereafter, NCSI sent the Plaintiffs a demand letter for the bogus $540 balance which the Plaintiffs timely disputed.

14. On June 13, 2022, NCSI wrongfully verified the debt as belonging to the Plaintiffs and wrongfully and illegally, credit reported the debt on their consumer credit reports.

15. On August 8, 2022, NCSI wrongfully and again demanded $540 from the Plaintiffs and agreed to "settle" the account for $270.

16. On July 30, 2022, Plaintiff Cynthia obtained her Trans Union credit disclosure and noticed the Bogus Tradeline reporting.

17. On August 1, 2022, Plaintiff Cynthia obtained her Equifax credit disclosure and noticed the Bogus Tradeline reporting.

18. On August 2, 2022, Plaintiff Gary obtained his Equifax and Trans Union credit disclosures and noticed the Bogus Tradeline reporting.

19. On August 29, 2022, Plaintiffs filed an Incident Report with the Atlanta Police Department documenting the theft of their identity.

20. On or about September 18, 2022, Borland sent a demand letter to the Plaintiffs demanding $540.  Upon information and believe, Borland had knowledge of the Plaintiff's dispute to the debt as it was or should have been communicated to Borland from either NCSI or Maverick.

21. On or about October 3, 2022, Plaintiffs through Credit Repair Lawyers of America submitted separate letters to Equifax and Trans Union disputing the Bogus Tradeline.

22. In their dispute letters, Plaintiffs explained that the account reflected by the Bogus Tradeline is fraudulent and does not belong to them.  Plaintiffs explained that they had applied for a rental unit and were denied the next day and hence, never moved into or obtained a rental unit from Maverick.  They attached a copy of the Atlanta Police Department Incident Report and asked Equifax and Trans Union to delete the Bogus Tradeline.

23. Equifax and Trans Union forwarded Plaintiff's consumer dispute to NCSI.

24. NCSI received Plaintiff's consumer dispute from Equifax and Trans Union.  Upon information and belief, NCSI forwarded the Plaintiff's dispute to Borland.

25. On November 15, 2022, Plaintiff Cynthia obtained her Trans Union credit disclosure which showed that Trans Union and NCSI failed or refused to delete the Bogus Tradeline.

26. On November 20, 2022, Plaintiff Cynthia obtained her Equifax credit disclosure which showed that Equifax and NCSI failed or refused to delete the Bogus Tradeline.

27. On November 21, 2022, Plaintiff Gary obtained her Equifax and Trans Union credit disclosures which showed that Equifax, Trans Union and NCSI failed or refused to delete the Bogus Tradeline.

28. The False Tradeline is false and misleading. They are also driving the Plaintiffs' credit score down making it harder for them to obtain jobs, housing, and meet living expenses.

29. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiffs have suffered credit and emotional damages. Plaintiffs have also experienced undue stress, shock, anxiety, depression, nervousness, embarrassment, crying spells, anger, frustrations, panic attacks, and humiliation due along with loss of sleep, inability to concentrate, loss of work capacity, restlessness/discomfort, nightmares, nail biting, fight with spouse, chest pains, fainting spells, pain, headaches, weight gain, dizziness, and nervous ticks due to the Defendants' failure to correct the error in their credit files and their inability to improve their financial situation by obtaining new

or more favorable credit terms as a result of the Defendants' violations of the FCRA.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT SYSTEMS, INC.

30. Plaintiffs reallege the above paragraphs as if recited verbatim.

31. After being informed of Plaintiffs' consumer dispute regarding the bogus tradeline, NCSI negligently failed to conduct a proper investigation of Plaintiffs' dispute as required by 15 USC 1681s-2(b).

32. NCSI negligently failed to review all relevant information available to it and provided in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to provide the client's credit reports.

33. The Bogus Tradeline is inaccurate and creates a misleading impression on Plaintiffs' consumer credit files with Equifax and Trans Union to which it is reporting such tradeline.

34. As a direct and proximate cause of NCSI's negligent failure to perform its duties under the FCRA, Plaintiffs have suffered damages, mental anguish, suffering, humiliation, and embarrassment.

35. NCSI is liable to Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

36. Plaintiffs have a private right of action to assert claims against NCSI arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants them a judgment against Defendant NCSI for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT SYSTEMS, INC.**

37. Plaintiffs reallege the above paragraphs as if recited verbatim.

38. After being informed that Plaintiffs disputed the accuracy of the information it was providing, NCSI willfully failed to conduct a proper reinvestigation of Plaintiffs' dispute, and willfully failed to provide the client's credit report as requested.

39. NCSI willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

40. As a direct and proximate cause of NCSI's willful failure to perform its duties under the FCRA, Plaintiffs have suffered damages, mental anguish, suffering, humiliation, and embarrassment.

41. NCSI is liable to Plaintiffs for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs they may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants them a judgment against Defendant NCSI for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

42. Plaintiffs reallege the above paragraphs as if recited verbatim.

43. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as that term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

45. Equifax negligently failed to maintain and/or reasonable procedures to assure the maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46. After receiving Plaintiffs' consumer dispute to the Bogus Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Equifax is liable to Plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants them a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

49. Plaintiffs reallege the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as that term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

52. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 USC 1681e(b).

53. After receiving Plaintiffs' consumer dispute to the Bogus Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Equifax is liable to Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants them a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

56. Plaintiffs reallege the above paragraphs as if recited verbatim.

57. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as that term is defined in 15 USC 1681a.

58. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

59. Trans Union negligently failed to maintain and/or reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 USC 1681e(b).

60. After receiving Plaintiffs' consumer dispute to the Bogus Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Trans Union is liable to Plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants them a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

63. Plaintiffs reallege the above paragraphs as if recited verbatim.

64. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as that term is defined in 15 USC 1681a.

65. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

66. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 USC 1681e(b).

67. After receiving Plaintiffs' consumer dispute to the Bogus Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Trans Union is liable to Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants them a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – NCSI AND BORLAND

70. Plaintiffs reallege the above paragraphs as if recited verbatim.

71. At all relevant times Defendants NSCI and Borland, in the ordinary course of their respective businesses, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

72. Each Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

73. Defendants NCSI and Borland are each a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

74. Defendant NCSI's and Borland' foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §169e(2) by misrepresenting to the Plaintiffs that they owed a debt when, in fact, they owed no debt to Maverick

    b. 15 U.S.C. §1692e(8) by communicating false information to the credit bureaus about the Plaintiffs.

    c. 15 U.S.C. §169f by attempting to collect money from the Plaintiffs for which there is neither a law nor a contractual obligation by the Plaintiffs to pay.

75. The Plaintiffs have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

76. The Plaintiffs have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

77. As a direct and proximate cause of NCSI's and Borland's violations of the Plaintiffs' rights under the Fair Debt Collection Practices Act, Plaintiffs have suffered credit and emotional damages. Plaintiffs have also experienced undue stress, shock, anxiety, depression, nervousness, embarrassment, crying spells, anger, frustrations, panic attacks, and humiliation due along with loss of sleep, inability to concentrate, loss of work capacity, restlessness/discomfort, nightmares, nail biting, fight with spouse, chest pains, fainting spells, pain, headaches, weight gain, dizziness, and nervous ticks.

**WHEREFORE, PLAINTIFFS PRAY** that the court award each Plaintiff statutory and actual damages, along with costs, interest and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: December 5, 2022

By: */s/ Joon Jeong*
Joon Jeong
GA Bar Number 482317
1295 Old Peachtree Road, Suite 250

        Suwanee, GA 30024
        Telephone: 678-691-7905
        Facsimile: 866-695-5440
        E-Mail: info@jjeonglaw.com
        *Attorneys for Plaintiffs,*
        *Cynthia Adams and Gary Adams*