# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ADAMS AND GARY ADAMS,<br><br>    Plaintiffs,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES LLC, et al.,<br><br>    Defendants. | Civil Action<br>No. 1:22-cv-04792-SEG-RDC |

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO ENFORCE THE PARTIES SETTLEMENT AGREEMENT AND STAY ALL DEADLINES

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax"), by its attorneys and pursuant to LR 7.1, N.D. Ga., respectfully moves this Court to enforce the settlement agreement entered into between Equifax and Plaintiffs CYNTHIA ADAMA AND GARY ADAMS (collectively, the "Plaintiffs") on the grounds that all the essential terms of the settlement agreement were reached by the parties and, as such, Plaintiffs attempted refusal to recognize the settlement agreement is invalid.

WHEREFORE, Equifax respectfully requests that this Court enter an Order granting its motion and enforcing the parties' settlement agreement. Equifax also requests that the Court immediately enter an Order extending the deadline for Equifax

to file any responsive pleadings, as well as staying all discovery and all other pretrial deadlines pending the Court's ruling on this motion. The bases for Equifax's motion are more fully set forth in Equifax's Memorandum of Law in Support of Its Motion to Enforce the Parties Settlement Agreement and Stay all Deadlines, filed contemporaneously herewith.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC,

By: */s/ Christine S. Kapur*
Christine S. Kapur
GA Bar No. 197008
Christine.kapur@equifax.com
1550 Peachtree St, N.E.
Atlanta, GA  30309
Telephone: (470) 373-2989

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ADAMS AND GARY ADAMS,<br><br>        Plaintiffs,<br><br>   v.<br><br>EQUIFAX INFORMATION SERVICES LLC, et al.,<br><br>        Defendants. | Civil Action<br>No. 1:22-cv-04792-SEG-RDC |

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I electronically filed the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO ENFORCE THE PARTIES SETTLEMENT AGREEMENT AND STAY ALL DEADLINES** with the Clerk of the Court using the CM/ECF system which send notification of such filing to the registered users. I, further certify that on March 24, 2023, I cause a true and accurate copy of the foregoing to be e-mailed and mailed to the following:

Lawrence Adam Silverman<br>
Credit Repair Lawyers of America<br>
39111 Six Mile Road<br>
Suite 142<br>
Livonia, MI 48152

                                          */s/ Christine S. Kapur*
                                          Christine S. Kapur
                                          GA Bar No. 197008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ADAMS AND GARY ADAMS,<br><br>   Plaintiffs,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES LLC, et al.,<br><br>   Defendants. | Civil Action<br>No. 1:22-cv-04792-SEG-RDC |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT AND TO STAY ALL DEADLINES

Defendant EQUIFAX INFORMATION SERVICES LLC, ("Equifax"), by its attorneys and pursuant to LR 7.1, NDGa., hereby files its Memorandum of Law in Support of Equifax's Motion to Enforce the Parties Settlement Agreement and to Stay All Deadlines.

### I. FACTUAL BACKGROUND

Plaintiffs filed their Complaint on December 5, 2022. (Doc. 1.) On February 7, 2023, this Court entered an Order granting Equifax's Motion for Extension of Time to File Answer until March 8, 2023. (Doc. 14.) On February 15, 2023, after a brief period of negotiation, Plaintiffs and Equifax entered into an agreement to settle

the case. (Declaration of Christine Kapur, ¶ 3, attached hereto as Exhibit A). The settlement was memorialized in an email exchange among counsel. (Kapur Dec., ¶ 4 and Exhibit 1 thereto). On February 22, 2023, Plaintiffs filed with the Court a Notice of Settlement. (Doc. 25.) On March 2, 2023, Equifax sent the settlement agreement and an updated copy of Plaintiffs' Equifax disclosure to Plaintiffs. (Kapur Dec., ¶ 5). On March 7, 2023, the parties filed a Joint Preliminary Report and Discovery Plan stating that Plaintiffs and Equifax had entered into a settlement agreement. (Doc. 32.) To date, Plaintiffs have not returned the signed settlement agreement. (Kapur Dec., ¶ 6). On March 7, 2023, another attorney at the law firm of Credit Repair Lawyers of America, Gary Nitzkin, requested additional settlement funds. (Kapur Dec., ¶ 7 and Exhibit 2 thereto). On March 7, 2023 and March 20, 2023, Equifax and Attorney Gary Nitzkin exchanged several emails in an attempt to settle the matter. (Kapur Dec., ¶ 8). Attorney Gary Nitzkin insists that Plaintiffs did not agree to settle this case for the previously agreed settlement amount. (Kapur Dec., ¶ 9).

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Because the Parties Agreed to All Essential Terms of the Settlement Agreement, the Settlement Agreement is Fully Enforceable.

Because Equifax and Plaintiffs reached a final agreement regarding the essential terms of a settlement, the parties' agreement is enforceable as a matter of

law. The Eleventh Circuit Court of Appeals has held that the law of contracts governs the construction and enforcement of settlement agreements. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999) (citing *Blum v. Morgan Guar. Trust Co. of New York*, 709 F.2d 1463 (11th Cir. 1983)). Moreover, under federal law, a district court has "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens and S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (citations omitted). District courts use the applicable state's contract law to construe and enforce settlement agreements. *Vinnett v. Gen. Elec. Co.*, 271 F. App'x 908, 912 (11th Cir. 2008).

Georgia law applies in this case. The required elements of a contract under Georgia law are: (1) parties that are able to contract; (2) consideration; (3) mutual assent of terms; and (4) subject matter of the contract. O.C.G.A. § 13-3-1. A valid and binding contract exists when there is a meeting of the minds as to all essential terms. *Lake Burton Civic Ass'n, Inc. v. Williams*, No. 2:06-CV-0189-RWS, 2009 WL 973553, at *2 (N.D. Ga. Apr. 09, 2009) (enforcing settlement agreement where parties reached a "meeting of the minds" as to all essential terms).

In this action, Equifax and Plaintiffs unquestionably reached a meeting of the minds as to all of the essential terms of a settlement agreement. Specifically, Attorney Gary Hanz -- a highly seasoned attorney with decades of litigation

experience -- made a detailed settlement offer to Equifax in writing and via e-mail that clearly articulated the essential terms. (Kapur Decl. at ¶ 4 and Exh. 1.) Equifax unequivocally accepted Plaintiffs' demand <u>in its entirety and without modification</u>. (*Id.* at ¶ 4.) Equifax then provided Plaintiffs with a Settlement Agreement that included each of the essential terms. (*Id.* at ¶ 5.)

There can be no doubt that an offer was made by Plaintiffs, which was in turn accepted by Equifax exactly as offered, thus, creating a binding settlement agreement. *See*, *e.g.*, *Greenwald v. Kersh*, 621 S.E.2d 465, 467 (Ga. App. 2005) ("the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced"). Accordingly, the parties' Settlement Agreement, in the form attached to the March 2nd e-mail, is fully enforceable.

The parties in this case settled the case. Equifax has relied on the settlement and is entitled to its benefit. In what appears to be nothing more than some type of "buyer's remorse," Plaintiffs are now attempting to revoke the Settlement Agreement unless and until Equifax agrees to settle for twice the amount of the original settlement amount, despite the fact that these settlement amounts were never included in Plaintiffs' December 12th settlement demand or Equifax's acceptance. For all the reasons detailed above, there is no legitimate basis for Plaintiffs' after-the-fact

insistence that the amount of the settlement amount should be doubled. The parties reached a negotiated settlement and this case should be resolved pursuant to the agreed upon terms of that settlement and this Court should enforce it and award Equifax its attorney's fees in having to draft and file this motion.

### III. <u>CONCLUSION</u>

Equifax respectfully requests that this Court enter an Order enforcing the parties' Settlement Agreement, in the form attached to the March 2nd e-mail. Equifax also requests that the Court immediately enter an Order extending the deadline for Equifax to file any responsive pleadings, as well as staying discovery and all other pretrial deadlines pending the Court's ruling on Equifax's Motion to Enforce the Parties' Settlement Agreement.

                                                Respectfully submitted,

                                                EQUIFAX INFORMATION SERVICES LLC

By:  */s/ Christine S. Kapur*
       Christine S. Kapur
       GA Bar No. 197008
       Christine.kapur@equifax.com
       1550 Peachtree St, N.E.
       Atlanta, GA 30309
       Telephone: (470) 373-2989

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to LR 7.1 D, Defendant certifies that this Defendants' Memorandum in Law in Support of Its Motion to Enforce the Parties' Settlement Agreement and Stay All Deadlines has been prepared in Times New Roman 14-point, one of the fonts approved in LR 5.1C.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ADAMS AND GARY ADAMS,<br><br>  Plaintiffs,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES LLC, et al.,<br><br>  Defendants. | Civil Action<br>No. 1:22-cv-04792-SEG-RDC |

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I electronically filed the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT AND STAY ALL DEADLINES** with the Clerk of the Court using the CM/ECF system which send notification of such filing to the registered users. I, further certify that on March 24, 2023, I cause a true and accurate copy of the foregoing to be e-mailed and mailed to the following:

Lawrence Adam Silverman<br>
Credit Repair Lawyers of America<br>
39111 Six Mile Road<br>
Suite 142<br>
Livonia, MI 48152

　　　　　　　　　　　　　　　　　　　　*/s/ Christine S. Kapur*
　　　　　　　　　　　　　　　　　　　　Christine S. Kapur
　　　　　　　　　　　　　　　　　　　　GA Bar No. 197008