# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Cynthia Adams and Gary Adams,<br><br>Plaintiffs,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>Trans Union, LLC,<br>Experian Information Solutions, Inc.,<br>National Credit Systems, Inc., and<br>Law Offices of Brett M. Borland, P.C.<br><br>Defendants. | Case No.: 1:22-cv-04792-SEG-RDC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO EQUIFAX'S MOTION TO ENFORCE SETTLEMENT AGREEEMENT AND STAY ALL DEADLINES** |

Plaintiffs Cynthia & Gary Adams ("Plaintiffs") hereby file their Response to Defendant Equifax Information Services, LLC's ("Equifax") Motion to Enforce Settlement Agreement and Stay All Deadlines (ECF Doc. No 36). ("Motion"); and in support state:

## FACTS

On December 5, 2022, Plaintiffs filed their complaint against Equifax and other defendants for violation of the Fair Credit Reporting Act. (ECF Doc. No 1.) On December 29, 2022, Plaintiffs filed a First Amended Complaint adding

Experian as a defendant. (ECF Doc. No 6.)

On December 12, 2022, Equifax counsel by email to Plaintiffs' counsel, requested identification information regarding the Plaintiffs and a settlement demand. (Exhibit 1-Declarartion of Gary Hansz, ¶ 2.) On December 12, 2022, Plaintiffs' counsel, by email, provided the identification information requested a demand of "$5,000 per plaintiff or $10,0000 plus deletion" to Equifax. (Exhibit 1-Declarartion of Gary Hansz, ¶ 3.) No further communication occurred until February 2, 2023, when Equifax via email asked for a 30-day extension to file its response/answer to Plaintiffs' amended complaint. The extension was granted. (Exhibit 1-Declarartion of Gary Hansz, ¶ 4.) On February 15, 2023, Equifax sent an email to Plaintiffs' counsel stating "we can agree to "$10k and deletion" which Plaintiffs' counsel did not acknowledge or agree to. The Plaintiff's original demand in December 2022, and Equifax's purported acceptance in February 2023, over two months later, was not agreed to by Plaintiffs. (Exhibit 1-Declarartion of Gary Hansz, ¶ 5.) In fact, the lawsuit continued with Equifax as it and the other defendants participated with Plaintiffs in the preparation and filing of the Rule 26(f) report filed in the case (Exhibit 1-Declarartion of Gary Hansz, ¶ 6.)

In early March, Equifax submitted to Plaintiffs' counsel by e-mail, a settlement agreement based upon its purported acceptance on February 2, 2023.

Plaintiffs' attorney then notified Equifax's attorney that there was no agreement to settle as the demand was $10,000 per Plaintiff. (Exhibit 1-Declarartion of Gary Hansz, ¶ 7.) Plaintiffs' attorneys then asked Equifax to submit a revised settlement agreement, which Equifax failed to do and instead Equifax filed this Motion.

## ARGUMENT

Equifax argues that the offer made by Plaintiffs, which was in turn accepted by Equifax exactly as offered, created a binding settlement agreement under Georgia contract law. (ECF Doc. No 36.) It is undisputed that Equifax waited over two months to purportedly accept the Plaintiffs' initial demand in this case. Plaintiffs made no response to the February 2, 2023 email purportedly accepting the Plaintiff's initial demand, and the case continued against Equifax and the other defendants. A Rule 26(f) report was prepared and filed with Equifax's participation and litigation continued.

If no time is prescribed for accepting an offer as in this case, it must be done within a reasonable time. *See First Acceptance Ins. Co of Ga. v. Hughes*, 305 Ga. 489,826 S.E.2d 71 (2019)  Equifax's purported acceptance more than two months after the Plaintiffs' initial demand is not a reasonable time between offer and acceptance. Therefore, there was no binding contract of settlement in this case.

## CONCLUSION

For the reasons stated above, Plaintiff request that Equifax's Motion to Enforce Settlement Agreement and Stay All Deadlines be denied in its entirety.

Date: April 4, 2023

By: /s/ Lawrence A. Silverman
Lawrence A. Silverman
Credit Repair Lawyers of America
GA Bar Number 646120
39111 Six Mile Rd.
Suite 142
Livonia, MI 48152
(248) 480-8836
larry@crlam.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2023, I electronically filed this Plaintiff's Response in Opposition to Equifax Information Services, LLC's ("Equifax") Motion to Enforce Settlement Agreement using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record including:

Christine Kapur
Christine.Kapur@equifax.com
Attorney for Equifax Information Services, LLC.

/s/Lawrence A. Silverman
Lawrence A. Silverman

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Cynthia Adams and Gary Adams,<br><br>Plaintiffs,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>Trans Union, LLC,<br>Experian Information Solutions, Inc.,<br>National Credit Systems, Inc., and<br>Law Offices of Brett M. Borland, P.C.<br><br>Defendants. | Case No.: 1:22-cv-04792-SEG-RDC<br><br>**DECLARARTION OF GARY HANSZ** |

Pursuant to 28 U.S.C. § 1746, I, Gary Hansz, hereby declare under the penalties for perjury under the laws of the United States of America that the following is true and correct:

1. I am an attorney employed by Credit Repair Lawyers of America and I submit this Declaration in support of Plaintiff's response to Equifax's Motion to Enforce the Parties Settlement Agreement and Stay All Deadlines based upon my personal knowledge and review of the records and court docket in this case.

2. On December 12, 2022, Equifax counsel by email to Plaintiff's counsel requested identification information regarding the Plaintiff and a

settlement demand.

3.   On December 12, 2022, Plaintiff's counsel by email provided the identification information requested a demand of "$5,000 per plaintiff or $10,0000 plus deletion" to Equifax.

4.   No further communication occurred until February 2, 2023, when Equifax via email asked for a 30-day extension to file its response/answer to Plaintiffs' amended complaint.   The extension was granted.

5.   On February 15, 2023, Equifax sent an email to Plaintiff 's counsel stating "we can agree to "$10k and deletion" which Plaintiffs' counsel did not acknowledge or agree to.  The Plaintiff's original demand in December and Equifax's purported acceptance in February over two months later was not agreed to by Plaintiffs.

6.   In fact, the lawsuit continued with Equifax as it and the other defendants participated in the preparation and filing of the Rule 26(f) report filed in the case.

7.   In early March Equifax submitted a settlement agreement based upon its purported acceptance on February 2, 2023 by email.  Plaintiff's attorney then notified Equifax that there was no agreement to settle as the demand was $10,000 per Plaintiff .

I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: April 4, 2023                                          */s/ Gary Hansz*
                                                              Gary Hansz